**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30269 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00008-RFC-1 |
| v. | |
| ELISEO DOMINGUES-CHALPENO, AKA Hipolite Domingues, AKA Alejandro Rivera-Cortez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted October 9, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Defendant Eliseo Domingues-Chalpeno ("Domingues") appeals his jury

conviction and 151-month sentence for possession of and conspiracy to possess

with intent to distribute methamphetamine. He claims 1) the district court erred in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

admitting the government investigator's testimony concerning out-of-court statements by a hotel clerk; 2) there was insufficient evidence to support his conviction; 3) his trial counsel made an inappropriate statement before the jury; 4) he was entitled to a four-level downward sentencing adjustment as a minimal participant; and 5) his sentence was unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Assuming, without deciding, that Agent Smith's testimony regarding the hotel clerk's out-of-court statements was hearsay, its admission was harmless error. Even excluding this testimony, there was more than enough evidence introduced at trial to allow a rational juror to find all the elements of the possession and conspiracy charges beyond a reasonable doubt. *See United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir. 2004). This evidence showed that, among other things, Domingues was closely associated with his co-defendants for two or three weeks before the trip; drove twelve hours overnight, ostensibly to talk to someone about a roofing job; did not bring any tools or cold-weather clothing for the trip; spent only a few hours in Montana before beginning the return trip; checked in and out of the hotel the same morning; helped carry and purchase the materials used to hide the

---

[1]    Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision.

drugs; helped withdraw $800 from an ATM during the shopping trip; and was a passenger in a car in which almost two pounds of high-purity methamphetamine was found in a box of Tide detergent in the trunk and a bag containing Krazy Glue, knives, and loose Tide powder was found in the back seat. The evidence also showed that Domingues and his co-conspirators borrowed the car after telling the owner that they were going to the store, and when they were pulled over, they had almost no money other than the $235 they used to pay the citation for driving without a license, despite having withdrawn $800 earlier in the day. Based on this and all other evidence introduced at trial, we do not have any "grave doubt" whether Agent Smith's testimony regarding the clerk's out-of-court statements substantially affected the verdict. *See United States v. Lindsey*, 634 F.3d 541, 553 (9th Cir. 2011) (citation omitted).

Based on the same evidence discussed above, there was clearly sufficient evidence to allow a rational juror to find all the elements of the possession and conspiracy charges beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

The district court did not err in failing to sua sponte declare a mistrial in response to defense counsel's statement before the jury that he had instructed his client not to testify. Such a statement was as likely to bias the jury in his favor as

3

to bias the jury against him, and thus there was no plain error. *See United States v. Olano*, 507 U.S. 725, 733-37 (1993); *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008).

Domingues has not shown that the district judge erred in sentencing. The district court found that Domingues was not a minimal participant under the Sentencing Guidelines. Such determination was not clearly erroneous for the same reasons there was sufficient evidence to convict Domingues. *See United States v. Cantrell*, 433 F.3d 1269, 1282-84 (9th Cir. 2006). Nor was Domingues' sentence unreasonable, given the district court's discussion of Domingues' failure to accept responsibility, conviction for two serious drug offenses, participation in a group at the top of the methamphetamine "food chain," illegal presence in this country, and three separate state identification numbers. *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009).

**AFFIRMED**.